UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH G. RHODES )
)
        Plaintiff, )
) Civil Action No. 1:08C2959
vs. )
) JUDGE OLIVER
)
PHILLIPS & COHEN ASSOCIATES, LTD., )
)
        Defendant(s). ) <u>Jury Trial Requested</u>
)
_____)

MAG. JUDGE VECCHIARELLI

**Jurisdiction**

**01.** This an action brought by a consumer for violations of the Fair Credit Reporting Act, (15 U.S.C. §1681 et seq., [hereinafter "FCRA"] and the Fair Debt Collection Practices Act, (15 U.S.C. §1692 et seq., [hereinafter "FDCPA"] )). Therefore, jurisdiction exist under, §§1681p, 1692k(d), in any appropriate United States District Court without regard to the amount in controversy. Also, subject matter jurisdiction exist under, 28 U.S.C. §1331,1332.

**02.** This Court may also exercise supplemental jurisdiction over the related State law claims arising out of the same nucleus of operative facts which give rise to any Federal law claims pursuant to, 28 U.S.C. §1367.

**Venue**

**03.** Venue is proper in the Northern District of Ohio.

**Parties**

**04.** Plaintiff, JOSEPH G. RHODES ["Rhodes"] defined under the FCRA and FDCPA, as consumer / individual and/or consumer / natural person, §§1681a(c), 1692a(3) who reside at 12418 Woodside Avenue; Cleveland, Ohio 44108-2421.

**05.** Defendant(s), PHILLIPS & COHEN ASSOCIATES, LTD. ["Phillips & Cohen"] is a foreign for profit corporation formed under the laws of the State of New Jersey with its principal businesss address at, 695 Rancocas Road; Westampton, NJ 08060.

**Introduction**

**06.** Plaintiff brings this action as a result of Defendant's Breach of duty, causing harm to others by obtaining or using information in the credit report file on consumer without permissibility under the FCRA. That under the FDCPA, Defendant fail to send within five days of initial communication with consumer, a timely and proper notice of validation and / or verification including its collection activities conducted under prohibition against doing any business in this State pursuant to, §§5733.21,5733.20 of Revised Code.

**Factual Allegations**

**07.** Most Courts have held that whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated-debtor." The Seventh Circuit evaluates communications from debt collectors "through the eyes of an unsophisticate consumer." Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483-84 (7th Cir. 1997); see, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996). The unsophisticated consumer is a "hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading." Gammon v. GC Serv. Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**08.** On January 10, 2008, Ms. Fuller phoned the Plaintiff at his residence from the office of Phillips & Cohen.

**09.** Ms. Fuller advised the Plaintiff, the "mini-Miranda-warning" [§1692e(11)] citing, 'this is an attempt to collect a debt . . . Communication is from a debt collector.

**10.** Ms. Fuller informed Plaintiff the call is in reference to an account with Washington Mutual [Ws-Mu] for $10,715.41, referred to Phillips & Cohen for collections.

**11.** During communication with Ms. Fuller on January 10th, Plaintiff requested verification of the debt.
> An unpublished opinion from the . . . U.S. District Court from the Northern District of Ohio held: that, "a debtor's demand for 'verification' of the debt does not have to be in writing in order to be effective." Jerman v. Carlisle, McNellie et al., at 2006 U.S. District Lexis 85339.

**12.** During communication on January 10th, in response to a request for verification, Ms. Fuller informed the Plaintiff that a letter from the creditor will be sent and will reference Phillips & Cohen in connection with collection of a debt.

> According to FTC Staff Opinion Letter, Wollman (03-10-93); "The statute requires that the debt collector obtain verification of the debt and mail it to the consummer (emphasis mine). Because one of the principal purposes of this Section is to help consumers who have been mis-identified by the debt collector or who dispute the amount of the debt, it is important that the verification of the identity of the consumer and the amount of the debt be obtained directly from the creditor. Mere itemization of what the debt collector already has does not accomplish this purpose. As stated above, **the statute requires the debt collector not the creditor, to mail the verification to the consumer.**"

**13.** Ms. Fuller used any false, deceptive or misleading representation or means in connection with the collection of any debt in contravention to requirements under the FCRA.

**14.** On or about January 10, 2008, the office of Phillips & Cohen initiated an "inquiry" that report a legitimate request to view the credit report of consumer to whom it relate. A copy of the document as much as is relevant is hereto attached as Exhibit - A.

> An "inquiry" is a "item" on the credit report file that, reports a legitimate request from a person §1681a(b), to view the credit report of a consumer and whenever someone else pulls your credit or obtains your credit report . . . a large number of inquiries within a short period of time [six (6) months] may lower your credit score. {1} A 'hard inquiry' negatively impact a credit report and lower consumer's credit score. A 'hard inquiry' occurs when a credit report is requested by a lender, or other parties who may have judgements or lien against the consumer. It is also clear that an "unauthorized" pull of an individual's credit report by a 'user' can negatively affect any scoring associated with that individual's credit, particularly . . . in the short term. {2} Some credit experts do say that credit scores can drop as much as five (5) points when a credit report is requested. {3} **Users of credit reports are entities that request a report to evaluate a consumer for some purpose. {4}**

---

{1} Http://creditcards.lovetoknow.com/What_do_Consumer_Credit_Reports_Rating_Scores_Mean. (c) 2006-2008; Love To Know Corp. (15 Sep. 2008)

{2} Http://www.myfico.com/myfico/creditcentral/scoreconsiders.asp ( a division of FairIssac ).

{3} Http://www.wisegeek.com/does-my-credit-score-drop-when-a=credit-report-is-requested.htm

{4} Consumer Rights Group [CRG]; Copyright (c) 2007; Http://www.consumerrightsgroup.com/Glossary.aspx

**15.** Phillips & Cohen is a Corporation [entity]; a 'user' of credit reports subject to requirements under, 15 U.S.C. [§1681m] who furnish any 'item' of information to consumer reporting agencies and is also, a 'furnisher' of information subject to requirements under section 623 [§1681s-2].

> Pursuant to FCRA, 15 U.S.C. [§1681b(a); any consumer reporting agency may furnish a consumer report in response to the order of a Court [§1681b(a)(1)]; in accordance with the written instructions of the consumer to whom it relates [§1681b(a)(2)]; to a person which it has reason to beileve intends to use the information in connection with a <u>credtit transaction</u> involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review, or <u>collection of an account</u> of the consumer [§1681b(a)(3)(A)]; or any of the grounds set forth in, [§1681b(a)(3)(B)-(E).
>
> Debt collection is the "<u>collection of an account.</u>" <u>Pintos v. Pacific Creditors Ass'n.</u>, F.3d 2007, WL 2743502 (9th Cir. 2007).

**16.** The FCRA does not define the term "credit transaction" and initially did not define the term "credit". This changed with the adoption of the Fair and Accurate Credit Transactions Act of 2003 ["FACTA"]. In FACTA, Congress amended FCRA by, *inter alia*, defining credit for purposes of the statute as amounting to a particular kind of debt: "the **right** . . . to incur debts and defer its payment or to purchase property or services and defer payment thereof." See, Pub. L. No. 108-159, §111, 1955 (codified as amended at 15 U.S.C. §1691a(d)). By defining credit as a "**right** . . . to defer payment," FACTA indicates that a §1681b(a)(3)(A) 'credit transaction' is a transaction in which the consumer directly participates and voluntarily seeks credit. <u>Accord Stergiopoulos v. First Midwest Bancorp, Inc.</u>, 427 F.3d 1043, 1047 (7th Cir. 2005) (holding that, §1681b(a)(3)(A) applies "only if the consumer initiates [a credit] transaction). See, <u>Pintos v. Pacific Creditors Ass'n.</u>, F.3d 2007, WL 2743502 (9th Cir. 2007).

**17.** On or about January 17, 2008, Plaintiff reviewed a <u>credit alert</u> that report a request by a person [Phillips & Cohen] to view the credit report of consumer to whom it relate. A copy of the document is hereto attached as Exhibit - B.

Page -4

**The FACT Act, permits consumers to dispute credit information directly with the furnisher** 15 U.S.C. §1681s-2(a)(8) (2005).

**18.** On or about January 22, 2008, Plaintiff cause to be delivered to the Office of Phillips & Cohen [Phillips & Cohen] a certified letter (the letter).

**19.** The letter; Plaintiff's Complaint that dispute Phillips & Cohen 'inquiry' of January 11th.

**20.** Plaintiff denied authorizing the 'inquiry' and request Phillips & Cohen provide proof of its authority pursuit to FCRA.

**21.** Plaintiff conditioned, if Phillip & Cohen fail to provide proof of permissibility, they are required to remove the "hard inquiry" that negatively affects any credit scoring related to the consumer. A copy of the document and proof of delivery is hereto attached as . . . Exhibits - C & Cc.

**22.** Phillips & Cohen have not given proper response to Plaintiff's complaint nor conduct a reasonable investigation required under FCRA, in intent to avoid any... consumer's request as put forth in this pleading.

> A consumer reporting agency shall provide to any person to whom a consumer report is provided by the agency . . . a notice of such person's responsibilities pursuant to, 15 U.S.C. §1681e(d)(1)(B).

**23.** Users [Phillips & Cohen] of credit reports know or should know based upon their own agreement with consumer reporting agencies and under FCRA if they have a permissible purpose. If they do not and still engage in an impermissible pull, it shows an indifferent disregard for the rights of privacy of the subject of the credit report.

> Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of secton 605 [§1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [§1681b] of this title. <u>These procedures shall require that prospective "users" of the information identify themselves . . . certify that the information will be used for no other purpose.</u> §607. Compliance procedures [15 U.S.C. §1681e].

> An account may be assigned to a collection agency with a place of business in this State for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor -- provided the assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include . . {i} the effective date of the assignment; and (ii) the consideration for the assignment.
>
> See, Ohio State Statutes Regulating Debt Collection / Debt Collectors; Title XIII §1319.12 of the Revised Code.

**24.** At no point did Phillips & Cohen have a relationship with Plaintiff that would have [allowed] Defendant(s) to access consumer's report . . . under the specific guidelines set out in the FCRA.

**25.** Phillips & Cohen engaged in collection activities under "prohibition against conducting business in the State" after cancellation of its Articles of Certificate, §§5733.21, 5733.20. A copy of documents as is relevent is hereto attached as, Exhibits - D & Dd.

**26.** Phillips & Cohen initiated an 'inquiry' that report a legitimate request to view the credit report -- <u>without written instructions</u> of the consumer to whom it relate in contravention to requirements under FCRA.

**27.** Phillips & Cohen initiated an 'inquiry' that report a legitimate request to view the credit report of consumer to whom it relate -- <u>without permissible purpose</u> in contravention to requirements under FCRA.

> See, <u>Andrews v. TRW, Inc.</u>, U.S. Court of Appeals, Ninth Circuit, 225 F.3d 1063 decided 10-04-2000; FTC Staff Opinion Letters: Coffey, Bauchner.
>
> Under the standard articulated by the Supreme Court, that is knowing, reckless <u>or indifferent disregard to the rights of the Plaintiff.</u> <u>United States v. Illinois Cent. R. Co.</u>, 486 U.S. 128,133 (1987); Reynolds, 435 F.3d at 1098, quoting . . . Cushman, 115 F.3d at 227. In a troubling discussion, the Reynolds Court also stated:
>
> "A company will not have acted in reckless disregard of a consumer's right if it has diligently and in good faith attempted to fulfill it statutory obligations and to determine the correct legal meaning of the statute and has thereby come to a tenable, albeit erroneous, interpretation of the statute. In contrast, neither a deliberate failure to determine the extent of its obligations nor reliance on creative lawyering that provides indefensible answers will ordinarily be sufficient to avoid a conclusion that a company acted with wilfull disregard of FCRA's requirement." Reynolds 435 F.3d at 1099.

Page -6

> "A 'user' who purports to seek a consumer report for permissible purpose, while secretly seeking the report for an impermissible purpose, is subject to liability under the FCRA, for obtaining information under <u>false pretenses</u>." See, <u>Robery Veno v. AT&T</u>, U.S. Dist. Court of the Dist. of Mass. D.C. No. 02-10383-NG.

**28.** Phillips & Cohen use its knowledge in collection procedures to initiate an 'inquiry' that report a legitimate request to view the credit report of consumer to whom it relate for purposes of intent to pre-screen information, to pre-determine any ability of consumer in collection of an account [or not] for 'gain', alternatively, other impermissible purposes.

**29.** Defendant turned a blind-eye until or when consumer dispute the collection activity requiring a 'proper' response.

**30.** Upon receiving a proper Complaint, Defendant acknowledged activities related to collections of an account thereafter, Defendant avoid any requirements under FCRA, and FDCPA by either not giving a proper response or with assertion, any collection activities "<u>have closed to further collection effort</u>."

**31.** According, Defendant's termination of collection activities relied upon information obtained in the credit files <u>without permissibility</u> -- with, presumption.

**32.** However, Defendant's actions and / or inactions in the course of its activities, caused harm to consumer, consumer's interest and concerns that otherwise would not have occurred had it not been for Defendant.

**33.** Phillips & Cohen initiated an 'inquiry' that report a legitimate request to view the credit report of consumer to whom it relate -- <u>for purposes other than permissible</u>, contrary to requirements set forth under the FCRA.

**34.** Phillips & Cohen fail to comply with procedures under §1681e, that require users of information to identify themselves...certify the purposes for which the information is sought and ... certify that the information will be used for no other purpose.

**35.** Phillips & Cohen have an obligation to exercise a reasonable "standard of care," to do no harm in performing any acts that could "<u>foreseeably harm</u>" others.

**36.** Phillips & Cohen initiated an 'inquiry' that report a legitimate request to view the credit report of consumer to whom it relate that . . . harm consumer -- damaging the credit file, credit worthiness and score; that affect any ratings used for determination of insurance, employment; and any ability to option for more favorable credit rates.

**37.** Phillips & Cohen's actions and / or conduct cause consumer unfair embarrassment, humiliation and mental anguish; that consumer is entitled to a "duty of care."

**38.** Had Phillips & Cohen complied with requirements under the FCRA, Plaintiff would not suffer injuries and damages.

**39.** Phillips & Cohen "breach its duty of care" performing act(s) with knowledge it knew or should have 'foreseen' harm others and is therefore liable to consumer for injuries and damages.

**40.** On or about January 22, 2008, Plaintiff received a debt collection notice ( the notice) from the office of Phillips & Cohen (dated 01-16-2008). A copy of the document is hereto attached as Exhibit - E.

**41.** At all times relevant or otherwise, Plaintiff did not receive notice of collections or any documents from Defendant(s) other than, described including, document(s) identified as received and attached and affirmed hereto as Exhibit(s) in evidence.

**42.** Initial communication by and between pesonnel of the office of Phillips & Cohen and Plaintiff occurred on or about January 10, 2008.

**43.** On or about January 22, 2008, Plaintiff cause to be delivered to the Office of Phillips & Cohen [Phillips & Cohen] a certified letter (the letter). A copy of the document and proof of delivery is hereto attached as . . Exhibits - F & Ff.

**44.** In the letter, Plaintiff confirms initial communications that transpired on January 10th with Ms. Fuller and clarifyied his request for validation and / or verification of allege account, that request (a)proof of ownership or of assignment; (b)proof of amount of debt with payment history; (c)a copy of original agreement including interest rate at the time.

Page -8

**45.** Phillips & Cohen did [not] send within five (5) days of initial communication with consumer in connection with collection of a debt §1692g notice of validation entitlement required under FDCPA.

**46.** On or about January 30, 2008, Ms. Fuller phoned Plaintiff in connection with collection of an account and Plaintiff explained communication was sent to Phillips & Cohen.

**47.** Ms. Fuller fail to contain the "mini-Miranda-warning" §1692g that, this is a an attempt to collect a debt . . . Communication is from a debt collector.

### First Cause of Action for Relief
(Violations of FCRA)

**48.** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 - 47 of this Complaint with the same force and effect as set forth herein.

**49.** The federal Fair Credit Reporting Act [FCRA] prohibits any person from using or obtaining a consumer report for other than permissible purposes. 15 U.S.C. §1681b(f). Any person who willfully or negligently fails to comply with any requirement of the Act with respect to any consumer is liable to that consumer for actual damages, attorneys' fees and cost. 15 U.S.C. §§1681n-o. Willful violations may also result in punitive damages. 15 U.S.C. §1681n. In addition, any person who knowingly obtains a credit report under false pretenses shall be fined, imprisoned (up to 2 years) or both. 15 U.S.C. §1681q.

**50.** In connection with the collection of an account, Phillips & Cohen initiated an inquiry that report a legitimate request to view the credit report of consumer to whom it relate, <u>without written instructions</u>; <u>without permissible purpose</u>, in violation of 15 U.S.C. §§1681b(a)(2), and (3)(A).

**51.** In connection with the collection of an account, Phillips & Cohen initiated an inquiry that report a legitimate request to view the credit report of consumer to whom it relate, <u>for other than permissible purposes</u> in violation of 15 U.S.C. §1681b(f).

**52.** In connection with the collection of an account, Phillips & Cohen initiated an inquiry that report a legitimate request to view the credit report of consumer to whom it relate, under false pretenses in violation of 15 U.S.C. §1681q.

**53.** Phillips & Cohen's conduct not only disregards the individual rights of others, but with indifference that run a risk of violating the law . . . substantially greater than, the risk associated with [a] reading that was merely careless.

**54.** Phillips & Cohen have willfully and / or with negligence violated rights possessed by consumer under the FCRA, that Defendant(s) actions were purposeful, and deliberate; with conscious disregard for the rights of others with knowledge that its action or inaction would cause harm to consumer in connection with the collections of an account in violation of 15 U.S.C. §§1681n-o.

**55.** Phillips & Cohen's actions cause the Plaintiff to suffer injuries and damages, ¶¶ 36 and 37 of this Complaint.

**56.** Phillips & Cohen is liable to the Plaintiff for declaratory judgement, that Defendant's actions and / or conduct violated the FCRA, that Plaintiff is entitled to Actual damages, Statutory, and Compensatory damages; Cost and Attorney's fee.

## Second Cause of Action for Relief
(Violations of FDCPA)

**57.** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 - 47, and 48 - 56 of this Complaint with the same force and effect as set forth herein.

**58.** Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person §1692k(a) of {i} any actual damage sustained by such person as a result such failure §1692k(a)(1); {ii} in the case of any action by an individual, such additional damages as the Court may allow, but not exceeding $1,000., §1692k(a)(2)(A); in the case of any successful action to enforce the foregoing liability, the cost of such action together with a reasonable attorney's fee as determined by the Court §1692k(a)(3).

**59.** A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; (2) the failure to disclose in the initial written communication with the cosumer and, in addition, if the initial communication with the consumer is oral communication, that the debt collector is attempting to collect a debt and that any information will be used for that purpose, and the failure to disclose in subsequent communication that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**60.** Defendant, Phillips & Cohen in connection with the collection of any debt,

> {i} initiated an inquiry that report a legitimate request to view the credit report of consumer to whom it relate without permissiblilty, under false pretenses;
>
> {ii} informed consumer he will receive a letter from the creditor that will give reference of Defendant(s) in response to Plaintiff's request for verification

that use any false, deceptive, or misleading representation or means in violation of . . . 15 U.S.C. §1692e(10).

**61.** In connection with the collection of a debt, Ms. Fuller on behalf of Phillips & Cohen fail to disclose in subsequent communication that the communication is from a debt collector in a phone call on or about January 30th, in violation of 15 U.S.C. §1692e(11).

**62.** Defendant(s) actions cause the Plaintiff to suffer injuries and damages.

**63.** Defendant(s) is liable to the Plaintiff, that Defendant(s) actions and / or conduct violated the FDCPA, that Plaintiff is entitled to Actual and Statutory damages, Cost and Attorney's fee.

**Third Cause of Action for Relief**
(violations of FDCPA)

**64.** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 - 47, 48 - 56, and 57 - 63 of this Complaint with the same force and effect as set forth herein.

Page -11

**65.** (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -- (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and (5)a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .
15 U.S.C. §1692g(a).

**66.** In connection with the collection of a debt, Phillips & Cohen **have not** within five days of initial communication with a consumer, unless the following information is contained in the initial communication, send the consumer a written notice containing (a) the name of the creditor and the amount of the debt; (b) a statement that unless the consumer disputes the validity of the debt within 30 days of the date of receipt of the communication, the debt will be assumed to be valid by the debt collector; (c) a statement that if the consumer disputes the debt, or a part thereof, the debt collector will mail verification of the debt, and (d) a statement that, upon written request, the debt collector will provide the consumer with the name of the original creditor in violation of 15 U.S.C. §1692g(a)(1)-(5).

**67.** Defendant(s) actions cause the Plaintiff to suffer injuries and damages.

**68.** Defendant(s) is liable to the Plaintiff, that Defendant's actions and / or conduct violated the FDCPA, that Plaintiff is entitled to Statutory and Actual damages; Cost and Attorney's fee.

**Fourth Cause of Action for Relief**
(Violations of Ohio Consumer Sales Practices Act [CSPA]

**69.** Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 - 47, 48 - 56, 57 - 63, and 64 - 68 of this Complaint with the same force and effect as set forth herein.

**70.** Title 15 U.S. Code does not annul, alter, or affect or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of inconsistency. For purposes of this section, a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title. 15 U.S.C. §1692n.

**71.** Defendant(s) violated the Ohio **Consumer Sales Practices Act**, R.C. §1345 et seq. [the "CSPA"], by violating the Fair Debt Collection Practices Act, (Public Law 95-109, 15 U.S.C. §1692 et seq.)

**72.** No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

**73.** Phillips & Cohen have violated §1345.02(A) of the Revised Code by use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**74.** Defendant's actions cause the Plaintiff to suffer injuries and damages.

**75.** Defendant(s) are liable to the Plaintiff for declaratory judgement that Defendant's actions and/or conduct violated the CSPA, that Plaintiff is entitled to actual damages, cost, statutory, compensatory and any punitive damages the Court may determine.

**76.** The Supreme Court of Ohio held that under R.C. Chapter 1345, the Ohio Consumer Sales Practices Act (CSPA), a consumer who is harmed by a supplier's unfair or deceptive trade practices is entitled to recovery not only actual economic losses,

but also non-economic damages that result from the CSPA violations; See, <u>Whitaker v. M.T. Automotive, Inc.</u>, 2006-Ohio-5481; The Supreme held that the jury in a civil trial may include in award of compensatory damages and amount to cover the Plaintiff's attorney fees only when the jury also awards exemplary or punitive damages in the case, 2006-0540. <u>Zappitelli v. Miller</u>, 2007-Ohio-3251.

<u>77.</u> Phillips & Cohen lack standing; that without authority and under a prohibition against doing business in this State, Defendant have violated the FCRA, FDCPA and State Act(s).

<u>78.</u> A single violation is sufficient to support judgement for the consumer. See, <u>Russel v. Equifax A.R.S.</u>, 74 F.3d 30 (2d Cir. 1996); <u>Bentley v. Great Lakes Collection Bureau</u>, 6 F.3d 60 (2d Cir. 1993).

<u>79.</u> The consumer suing under the FDCPA need not prove that a violation was intentional or negligent in most cases, <u>Baker v. B.C. Services Corp.</u>, <u>supra</u>, 677 F.2d 775 (9th Cir. 1982): However, evidence that the debt collector intended to misled consumers tends to prove that he selected suitable means to accomplish that end, <u>Gammon v. GC Services, L.P.</u>, <u>supra</u>, 27 F.3d 1254 (7th Cir. 1994).

<u>80.</u> Suit pursuant to the FDCPA, "may be brought in any appropriate United States District Court, within one year of the date of violation. 15 U.S.C. §1692k(d). The Eleventh and Eighth Circuits calculated the one year statutory limitaiton to expire on the day before that anniversary date of the collection letter.

> See, <u>Maloy v. Phillips</u>, 64 F.3d 607 (11th Cir. 1995); <u>Matteson v. U.S. West Communications, Inc.</u>, 967 F.2d 259 (8th Cir. 1992). See also: <u>Seabrood v. Onondaga Bureau of Medical Economics</u>, 705 F. Supp. 81, 83-84 (N.D.N.Y. 1989).

<u>81.</u> Under the "least sophisticated consumer" or "unsophisticated consumer" standard of liability, an FDCPA claim for statutory damages presents no issues of reliance or causation. "The question is not whether the Plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." <u>Beattie v. D.M. Collections, Inc.</u>, 754 F.Supp. 383, 392 (D. Del. 1991).

Page -14

**Remedies**
(Actual Damages)

**82.** A debt collector who has violated any provision of the FDCPA is liable for actual damages. 15 U.S.C. §1692k(a)(1). In re Belile, 209 B.R. 658 (Bankr. E.D. Pa. 1997); Miele v. Sid Bailey, Inc., 192 B.R. 611 (S.D.N.Y. 1996). In ... Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1991); the District Court instructed the jury:

> First, actual damages may be awarded the Plaintiff as result of the failure of Defendants to comply with the Act. Actual damages not only include any out-of-pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish or emotional distress.

(Statutory Damages)

**83.** In addition to actual damages, if any, the consumer in an individual action may be awarded "such actual damages as the court may allow, but not exceeding $1000." 15 U.S.C. 1692k(a)(2). In determining the amount of statutory damages in an individual action the Court is to consider the frequency and persistence of non-compliance by the debt collector, the nature fo such non-compliance, and the extent to which the non-compliance was intentional". 15 U.S.C. §1692k(b)(1). Withers v. Eveland, 988 F.Supp. 942 (E.D. Va. 1997). The decision of whether to award 'additional damages' and the size of any such award is committed to the sound discretion of the District Court." Cox Medical Center v. Huntsman, 408 F.3d 989 (8th Cir. 2005); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

**84.** The consumer need not prove the debt is invalid, Baker v. G.C. Services Corp., supra, 677 F.2d 775 (9th Cir.1982); McCartney v. First City Bank, supra, 970 F.2d 45 (5th Cir. 1992) although payment not owed as a result of an FDCPA violation would certainly constitute actual damages. The consumer also need not show any actual damages in order to recover statutory damages. Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1992).

**Demand for Jury Trial**

85. Plaintiff demands trial by jury in this action.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays that judgement be entered against the Defendant for the following:

A. Declaratory judgement that Defendant conduct violated the FDCPA, FCRA, and declaratory and injunctive relief for the Defendant's violations of the State Act;

B. Actual damages

C. Statutory damages

D. Compensatory damages

E. Cost and reasonable attorney's fees

F. Punitive damages

G. For such other and further relief as may be just and proper.

Respectfully Submitted

By: *Joseph G. Rhodes*
Joseph G. Rhodes, Pro se
12418 Woodside Avenue
Cleveland, Ohio 44108-2421
(216) 268-1054 {res.}
(216) 262-4791 {cell}
JRh1042167@aol.com

Enclosure: